[L. A. No. 15909. In Bank.—November 12, 1936.]

JOSEPH B. RHODES, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Stanley A. Phipps for Petitioner.

Philbrick McCoy for Respondent.

WASTE, C. J.—Petitioner, an attorney at law duly admitted to practice in the state of Oregon, was granted this writ of review of an order of the committee of bar examiners of The State Bar denying his application to be

admitted to practice law in this state on motion and production of his Oregon license.

At the time the application to be admitted to practice in this state was made, April 25, 1928, section 279 of the Code of Civil Procedure, since repealed, relating to admissions to practice, provided, so far as material here, that "Any citizen of the United States, or any resident of this state who has, *bona fide,* declared his intention to become a citizen in the manner required by law, who has been admitted to practice law in the highest court of a sister state, or of a foreign country, where the common law of England constitutes the basis of jurisprudence, and who, after such admission, has been engaged in actual practice of law in such state or foreign country *for a period of at least three years within the period of seven years immediately preceding the filing of his application* [italics added], may be admitted to practice in all the courts of this state," etc.

■ On examination of the petitioner's application and after oral examination of the applicant, the application was denied upon the ground "that said Joseph B. Rhodes had not had sufficient prior practice" to entitle him to admission here. A request for reconsideration of the order of denial was denied one and a half years later, "no further proof of applicant's actual practice prior to the date of his original application for admission having been offered or filed". A year later petitioner filed with the committee of bar examiners another petition for a rehearing. This petition was denied on the same grounds as stated in the order denying the first application for a rehearing. Still a year later, petitioner was examined by the committee at his request, and he was instructed to file a "detailed chronological statement" concerning his employment and activities during a material period of his practice.

On February 6, 1935, petitioner filed in this court an application (No. L. A. 15171) for admission on motion, without examination, notwithstanding the refusal of the committee of bar examiners to recommend his admission. This application was denied March 18, 1935.

It appears from the records of The State Bar that the denials by the board of bar examiners of petitioner's application to be admitted to practice on motion and production of his Oregon license, and his subsequent petitions for re-

consideration, were based on the sole ground that the committee concluded it was without jurisdiction to consider or reconsider such applications. This conclusion rested upon the fact that the petitioner was apparently unable to and did not produce evidence that he had "been engaged in actual practice of law" in Oregon "within a period of seven years immediately preceding the filing of his application". By the denial by this court on March 18, 1935, of petitioner's application to be admitted to practice law notwithstanding the adverse action of the bar examiners, all questions raised by the petition were adjudicated against petitioner.

The present application and the order of the committee of bar examiners now under review present a new situation. The rules governing admission to practice law in this state on motion and without examination apply only to those "who have been engaged in the practice of law" in the other jurisdiction "for a period of four (4) years out of the six (6) years immediately preceding the filing of their application". (Rule VI, 213 Cal. cxlviii.) Petitioner has not, since March 18, 1935, when he was denied relief by this court, *supra*, made application to the committee of bar examiners for a recommendation for admission to practice law in this state. It does not appear that, should he make such application, he can meet the requirement of necessary practice to entitle him to be admitted to practice here.

The committee of bar examiners was acting within its jurisdiction during the entire period of petitioner's persistent efforts to be admitted to practice law in this state. Its orders denying petitioner's application for admission to practice are affirmed.

Langdon, J., Edmonds, J., *pro tem.*, Shenk, J., Curtis, J., Seawell, J., and Thompson, J., concurred.